UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMJAD KHAN,

        CIVIL ACTION NO. 15-11956

    Plaintiff,

        DISTRICT JUDGE NANCY G. EDMUNDS

v.

        MAGISTRATE JUDGE R. STEVEN WHALEN

MICHAEL W. HARTY, et al.,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

    Plaintiff Amjad Khan, who previously pled guilty to and was sentenced for health care fraud, has filed a *pro se* civil complaint challenging the amount of loss to Medicare and the amount of restitution that the Court determined in the criminal proceeding. Before the Court is the Defendants' motion to dismiss [Doc. #15], which has been referred for a Report and Recommendation under 28 U.S.C. § 636(b)(1)(B).  For the reasons discussed below, I recommend that the motion be GRANTED and that the complaint be DISMISSED as to Defendants Michael W. Harty, Danene Hartley, U.S. Department of Justice, and United States Attorney.

        **I.   FACTS**

    On August 3, 2006, Mr. Khan pled guilty in the United States District Court for the Eastern District of Michigan to one count of health care fraud, 18 U.S.C. § 1347. The underlying criminal conduct involved Mr. Khan, on behalf of American Home Health

-1-

Care ("AHHC"), submitting false reports and documentation to Medicare, resulting in AHHC receiving reimbursements from Medicare to which it was not entitled. *United States v. Amjad Khan*, E.D. Mich. No. 03-80828 ("Criminal Case"), Doc. #50, pp. 2-3 (Rule 11 Plea Agreement). The Rule 11 agreement provided:

> "There is no agreement between the parties on the amount of restitution due Medicare or BCBSM. *The Court will determine the amounts of restitution owed and the government and defendant will be bound by the court's decision.*" *Id*. at 7 (emphasis added).

On December 12 and December 13, 2006, the Court in the criminal case held an evidentiary hearing regarding the amount of loss to Medicare and BCBSM. Mr. Khan was of course represented by counsel during that hearing. On February 16, 2007, the Court entered an order determining the amount of loss to Medicare to be $1,067,699.00. *Criminal Case*, Doc. #68.

On September 7, 2007, the Court entered an Opinion and Order regarding the amount of restitution. *Criminal Case*, Doc. #81. The Court reiterated that the loss to Medicare was $1,067,699.00, and that this was the amount of restitution that Mr. Khan would owe. The Court made clear that "Defendant has had sufficient prior opportunities to argue his position regarding the overall fraud loss..." *Id*. at 2, and ordered Mr. Khan to pay that amount to the Medicare Program. On September 10, 2007, the Court entered judgment in the criminal case, imposing a custodial sentence of 33 months, and ordering restitution to the Medicare Program in the amount of $1,067,699.00. *Criminal Case*, Doc. #83.

Mr. Khan appealed the restitution order to the Sixth Circuit, which dismissed his appeal based on the appeal-waiver provision of the Rule 11 Agreement. *Sixth Circuit Order* [Doc. #102].

On October 24, 2003, prior to the conclusion of the criminal case, the government filed a civil action against Mr. Khan under the False Claims Act, 31 U.S.C. § § 3729-33, "premised on [Mr. Khan's] false claims and statements in connection with the Medicare system...." *United States v. Amjad Khan*, E.D. Mich. No. 03-74300, Doc. #1 (complaint). On July 16, 2008, after Mr. Khan was sentenced in the criminal case, the Court entered summary judgment in favor of the government, finding that under the doctrine of collateral estoppel, and based on the findings in the criminal case, he was estopped from contesting the amount of loss to the Medicare Program. *Id.*, Doc. #131. The Court noted:

> "Of particular importance is the fact that a two-day hearing was held to determine the precise amount of loss suffered by the government as a result of Defendant's fraud." *Id*. at 5.

In the present case, Mr. Khan again challenges the amount of restitution he has been ordered to pay the Medicare Program.

## II. STANDARD OF REVIEW

Fed.R.Civ.P. 12(b)(6) provides for dismissal of a complaint "for failure of the pleading to state a claim upon which relief can be granted." In assessing a Rule 12(b)(6) motion, the court accepts the plaintiff's factual allegations as true, and asks whether, as a matter of law, the plaintiff is entitled to legal relief. *Rippy v. Hattaway,* 270 F.3d 416, 419 (6th Cir. 2001).

In *Bell Atlantic Corp. v. Twombley*, 550 U.S 544 (2007), the Court, construing the requirements of Fed.R.Civ.P. 8(a)(2), held that although a complaint need not contain detailed factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level...on the assumption that all the allegations in the complaint are true." *Id.*, at 555 (internal citations and quotation marks omitted). Further, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (Internal citations and quotation marks omitted). *See also Association of Cleveland Fire Fighters v. City of Cleveland, Ohio* 502 F.3d 545, 548 (6th Cir. 2007). Stated differently, a complaint must "state a claim to relief that is plausible on its face." *Twombley*, at 570.

In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Court explained and expanded on what it termed the "two-pronged approach" of *Twombley*. First, it must be determined whether a complaint contains factual allegations, as opposed to legal conclusions. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*, at 678, citing *Twombley*, 550 U.S. at 555. Second, the facts that are pled must show a "plausible" claim for relief, which the Court described as follows:

> "Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not

'shown[n]"–'that the pleader is entitled to relief.'" 556 U.S. at 679 (internal citations omitted).

### III.  DISCUSSION

Defendants raise a number of grounds in support of dismissal. I will discuss two, both of which are obvious and dispositive. First, as the Court found in the government's previous civil case under the False Claims Act, the findings in Mr. Khan's criminal case have a preclusive effect in the present case under principles of collateral estoppel. Second, because Mr. Khan's criminal conviction and sentence have not been reversed or otherwise terminated in his favor, he is barred from challenging the restitution aspect of his sentence under the principles set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994).

### A.  Collateral Estoppel

Collateral estoppel, or issue preclusion, "bars successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, even if the issue recurs in the context of a different claim." *Taylor v. Sturgell*, 553 U.S. 880, 891-892 (2008)(internal punctuation omitted). Issue preclusion is to be applied where "(1) the identical issue was raised and actually litigated in a prior proceeding; (2) the determination of the issue was necessary to the outcome of the prior proceeding; (3) the prior proceeding resulted in a final judgment on the merits;" and finally "(4) the party against whom issue preclusion is sought had a full and fair opportunity to litigate the issue in the prior proceeding." *Laues v. Roberts,* 2015 WL 1412631, *5 (W.D.Mich. March 25, 2015)(*citing Aircraft Braking Sys. Corp. v. Local*

*856, Int'l Union, United Auto., Aerospace & Agric. Implement Workers, UAW,* 97 F.3d 155, 161 (6th Cir.1996)).

Based on the previous litigation involving Mr. Khan's obligations to Medicare, I ordered Mr. Khan to show cause why this case should not be dismissed based on issue preclusion. *Show Cause Order*, Doc. #11. In his response [Doc. #14], Mr. Khan conceded that the Court determined the issue of "fines and penalties" involving Medicare after a two day hearing, that the determination of fines and penalties was necessary to the resolution of the prior civil case, and that there was a final judgment on the merits. *Response to Show Cause Order* [Doc. #14], at 1. However, he disagrees that he had a full and fair opportunity to contest the propriety of the amount owing to Medicare. In support of this contention, he argues that his criminal conviction "was obtained by fraud," and that the Court, "which had not demonstrated expertise in complex economic of Medicare matters," erroneously accepted the government's calculations instead of remanding the matter to Medicare's Provider Reimbursement Review Board. *Id.* at 1-2. He makes essentially the same argument in his response to the present motion to dismiss [Doc. #19], claiming that the indictment against him was "overbroad" and the loss/restitution calculation was inaccurate.[1]

---

[1] Mr. Khan did not plead guilty to the original indictment; he pled to a single count in a superseding information. *Criminal Case*, Doc. #49.

-6-

<p/>

In the prior civil case under the False Claims Act, the Court granted summary judgment to the government based on collateral estoppel flowing from the judgment in the criminal case. "A finding in a prior criminal proceeding may estop an individual from relitigating the same issue in a subsequent civil action." *Hinchman v. Moore*, 312 F.3d 198, 202 (6th Cir. 2002), citing *Emich Motors Corp. v. Gen. Motors Corp.*, 340 U.S. 558, 568 (1951) (holding that "plaintiffs are entitled to introduce the prior judgment to establish prima facie all matters of fact and law necessarily decided by the conviction and the verdict on which it was based."). Mr. Khan's contention that he did not have a full and fair opportunity to litigate the issue of the Medicare Program's monetary loss is without merit. In the criminal case, the Court held a two-day hearing at which Mr. Khan was aggressively represented by experienced and able counsel, and where he had the opportunity to both challenge the government's evidence and present his own. He also filed, through counsel, a 45-page memorandum in opposition to the government's calculations, with 35 exhibits totalling 517 pages. *Criminal Case*, Doc. #58. The question of whether a litigant has been afforded a "full and fair opportunity" to litigate an issue is not determined with reference to the outcome of the litigation. In *S.E.C. v. Resnick*, 604 F. Supp. 2d 773, 780 (D. Md. 2009), the Court summed it up thusly:

> "[W]here the non-moving party had the incentive to litigate vigorously in the prior proceeding, and was able in that proceeding to examine the evidence against him, present his own evidence, cross-examine witnesses, be represented by competent counsel, and otherwise enjoy the protections of due process as relates to the issue under dispute, he will generally be considered to have had a full and fair opportunity to litigate that issue for purposes of collateral estoppel." (Citing *Parklane Hosiery, Inc. v. Shore*,

439 U.S. 322, 332 (1979).

Accordingly, this complaint must be dismissed under the principles of collateral estoppel.[2]

## B. Heck v. Humphrey

In *Heck v. Humphrey*, 512 U.S. 477, 487 (1994), the Supreme Court held that to obtain a civil remedy based on an allegedly unconstitutional conviction, or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," the plaintiff must show that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." 512 U.S. at 486-87. Where success in the civil suit "would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence." *Muhammad v. Close*, 540 U.S. 749, 750; 124 S.Ct. 1303, 1304 (2004). In other words, "civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments." *Heck* at 486.

Mr. Khan's claim in this case hinges on his contention that his prosecution was "fraudulent" and that the Court erred in its calculation of restitution, an integral part of his criminal sentence. In his Rule 11 Plea Agreement, Mr. Khan explicitly agreed to be

---

[2] Mr. Khan is estopped by the findings in both the criminal case and the prior False Claims case.

bound by the Court's decision on restitution, an agreement that he now seeks to repudiate. This is on its face a collateral attack on his criminal sentence, a sentence that has not been vacated or otherwise overturned. The complaint must be dismissed under *Heck v. Humphrey*.

### IV.    CONCLUSION

I recommend that the Defendants' Motion to Dismiss [Doc. #15] be GRANTED and that the complaint be DISMISSED as to Defendants Michael W. Harty, Danene Hartley, U.S. Department of Justice, and United States Attorney.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

<div style="text-align:right">
s/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE
</div>

Date: July 14, 2016

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 14, 2016, by electronic means and/or ordinary mail.

<div style="text-align:right">
s/H. Monda in the absence of C. Ciesla
Case Manager
</div>