UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMJAD M. KHAN,

    Plaintiff,

v.

MICHAEL W. HARTY, et al.,

    Defendants.
                               /

Case No. 15-11956

Honorable Nancy G. Edmunds

**OPINION AND ORDER ACCEPTING AND ADOPTING THE MAGISTRATE JUDGE'S JULY 14, 2016 REPORT AND RECOMMENDATION [21] AND DENYING AS MOOT PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL [22]**

On August 3, 2006, Plaintiff Amjad Khan pled guilty to one count of health care fraud in violation of 18 U.S.C. § 1347. Khan was sentenced to 33 months and ordered to pay $1,067,699 in restitution. As the Sixth Circuit later recognized, Khan expressly forfeited any right to challenge the restitution amount in his Rule 11 plea agreement. *United States v. Khan*, 6th Cir. No. 07-2157 (April 28, 2008). Nevertheless, over ten years later, Khan filed this civil action against the United States and several of its agents ("Defendants") seeking to reverse his criminal conviction and correct the loss amount attributable to Medicare. (Plf.'s Obj. 2).

This matter was referred to the magistrate judge who now recommends granting Defendants' motion to dismiss for two reasons: First, "the findings in Mr. Khan's criminal case have a preclusive effect in the present case under principles of collateral estoppel", and, more importantly, he is "barred from challenging the restitution aspect of his sentence under the principles set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994)." (Report and

Recommendation at 5). Khan has since filed a series of objections to the magistrate judge's recommendation, all of which can be rejected for the same reason; namely, Khan readily concedes that the purpose of this suit is "to render [his] conviction or sentence invalid." (Plf.'s Obj. 2). As the magistrate judge aptly observed, where "success in the civil suit would implicitly question the validity or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas . . . . " remedies. (Report and Recommendation at 8) (quoting *Muhammad v. Close*, 540 U.S. 749, 750, 124 S.Ct. 1303, 1305 (2004). More to the point, "civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments." *Heck*, 512 U.S. at 486. Because Khan's claims are inextricably intertwined with his criminal conviction, they are barred under the *Heck* doctrine. *See Duronio v. Werlinger*, 454 F. App'x 71, 72 (3d Cir. 2011) ("we stressed that a direct appeal was the proper path for a challenge of the actual [d]istrict [c]ourt restitution plan, as a *Bivens* remedy would violate the favorable-termination rule of *Heck* . . . .")

For the reasons thus stated, the Court OVERRULES Plaintiff's objections (Dkt. 24, 25), ADOPTS the Magistrate Judge's Report and Recommendation (Dkt. 21), and DISMISSES the complaint. The Court further DENIES Plaintiff's motion for appointment of counsel as moot. (Dkt. 22)

SO ORDERED.

        s/Nancy G. Edmunds
        Nancy G. Edmunds
        United States District Judge

Dated: August 30, 2016

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 30, 2016, by electronic and/or ordinary mail.

s/Carol J. Bethel
Case Manager
